**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**JOSE LUIS LOMELI VENEGAS, ET AL**       **CASE NO.  3:21-CV-03269**

**VERSUS**       **JUDGE TERRY A. DOUGHTY**

**AMAZON.COM., INC., ET AL**       **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 43] filed by the

Defendant State Farm Mutual Automobile Insurance Company ("State Farm").  The motion is

unopposed.

For the reasons set forth herein State Farm's Motion for Summary Judgment is

GRANTED.

**I.     BACKGROUND**

This case arises from a vehicle accident which occurred on October 16, 2020, on

Interstate 20 in Madison Parish, Louisiana.  The accident involved multiple vehicles, including a

2008 International Tractor owned by Felix Smith-Borges ("Borges").  There are currently three

matters pending before this Court involving claims as a result of this accident.[1]

In this proceeding Jose Venegas and Martha Venegas, individually and as a

representative of the estate of Jose Nuno and Mona Venegas filed suit against multiple

defendants, including Borges and State Farm.  State Farm has denied that its policies of

insurance[2] provide coverage to the 2008 International Tractor Borges was driving at the time of

the accident.

---

[1] No. 3:21-cv-3269; No. 21-cv-3262; and No. 3:22-654
[2] JO3 4485-D03-59A (2017 Toyota Rav 4) and JO7 8535-E07-59 (2002 GMC Savana)

No opposition to State Farm's motion has been filed.

## II.    LAW AND ANALYSIS

### A.    Standard of Review

Summary judgment shall [be] grant[ed] … if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the

motion for summary judgment. *Id*. at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### B.      Coverage

Borges has judicially admitted that he was the owner and operator of the 2008 International Tractor which was involved in the October 16, 2020, accident and that he was a resident and domiciliary of Hillsborough County, Florida.  State Farm has provided documentation showing the two policies issued to Borges did not provide coverage for the 2008 International Tractor involved in the accident as both policies exclude a truck-trailer designed to pull any type of trailer under the definition of "car."

Additionally, State Farm has proven that Florida law governs the interpretation of the State Farm policies, and that Florida law applies. This Court finds that Florida law applies pursuant to Louisiana Civil Code articles 3537 and 3515.  The two policies were issued and delivered in Florida, providing coverage over two vehicles licensed and garaged in Florida. Florida has significant contracts and a vested interest in having Florida law apply.

This Court further finds that, pursuant to Florida law, both State Farm policies, exclude coverage to Borges in this accident.

## III.    COVERAGE

For the reasons set forth herein, State Farm's Motion for Summary Judgment is **GRANTED.**

**MONROE, LOUISIANA**, this 11th day of July 2022.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**