UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOSE LUIS LOMELI VENEGAS ET AL** | **CASE NO. 3:21-CV-03269 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AMAZON.COM INC ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 63] filed by Defendant Liberty Mutual Insurance Company ("Liberty Mutual"). Consolidated-Plaintiff Felix Smith-Borges ("Smith-Borges") filed a Response to Motion for Summary Judgment [Doc. No. 71]. In the Response, Smith-Borges indicated that he "does not oppose said Motion and waives any appearance at a hearing regarding it."

For the following reasons, the Motion is **GRANTED**.

**I.     BACKGROUND**

The events leading up to the suit are as follows. On October 16, 2020, a truck driver rear ended a vehicle that was stopped due to traffic.[1] The collision resulted in a chain reaction involving six vehicles and resulting in two fatalities.[2] Smith-Borges was injured in the chain reaction and filed suit in Louisiana state court against the operator of the truck.[3]

In his suit, Smith-Borges named the truck driver, his employer, and several insurance companies – including Liberty Mutual– as Defendants.[4] Smith-Borges' suit was consolidated with the suit of Jose Luis Venegas Nuno ("Venegas") – the person whose vehicle was first struck by

---

[1] [Doc. No. 1]
[2] [Id.]
[3] [Doc. No. 63-4, ¶¶ 6, 16, 18]
[4] [Id., at ¶ 4]

the truck. In his petition for damages, Smith-Borges stated that "[t]his Petition for Damages is brought against the identified defendants for damages sustained in an automobile collision[.]"[5] The suits were consolidated and ultimately removed to this Court on September 10, 2021.[6]

At the time of the incident, Liberty Mutual provided a commercial general liability policy and a commercial inland marine policy to MJS Enterprises, LLC, the alleged employer of the truck driver.[7]

The issues are briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion."

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted).; *see also* FED. R. CIV. P. 56(c)(1).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

---

[5] [Id. at ¶ 36]
[6] [Doc. No. 1]
[7] [Doc. No. 63-5]

106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson*, 477 U.S. at 248). However, in evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

Note that "a district court has somewhat greater discretion to consider what weight it will accord the evidence in a bench trial than in a jury trial." *Matter of Placid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991); *see also Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978) ("If decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved . . . . The judge, as trier of fact, is in a position to and ought to draw his inferences without resort to the expense of trial.").

### B. Analysis

Exclusionary clauses in an insurance policy are strictly construed. *McQuirter v. Rotolo*, 2011-0188 (La. App. 1 Cir. 9/14/11), 77 So. 3d 76, 80. However, unambiguous provisions limiting liability must be given effect. *Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 2006-1827 (La. 5/22/07), 958 So. 2d 634, 639. Summary judgment is appropriate where an insurance policy

3

clearly and unambiguously excludes coverage of personal injuries arising out of automobile accidents when there is not more than one reasonable interpretation of said exclusion. *See McQuirter v. Rotolo*, 2011-0188 (La. App. 1 Cir. 9/14/11), 77 So. 3d 76; *See also Ryder v. Jones*, 40,963 (La. App. 2 Cir. 12/22/05), 916 So. 2d 506, 509; *See also Ladner v. Thomas*, 487 So.2d 544 (La. App. 4th Cir. 1986).

Here, the insurance policies in question clearly and unambiguously exclude coverage for Smith-Borges' injuries. The commercial general liability policy stated:

> **2. Exclusions**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading". This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

The inland marine policy provided coverage for motor truck cargo only, which is defined in the policy as "general dry goods, home goods, and electronics."[8] Smith-Borges was also not a named insured within the inland marine policy.

Here, there is no genuine issue of material fact that Defendant only provided commercial general liability and inland marine insurance and excluded "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured.[9] Therefore, there is no issue of fact precluding the Court from granting summary judgment in favor of Liberty Mutual.

---

[8] *See* [Doc. No. 63-5 (Affidavit of Chrissy Webster)]
[9] *See* [Id.]

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED ADJUDGED AND DECREED** that Defendant Liberty Mutual Insurance Company's Motion for Summary Judgment [Doc. No. 63] is **GRANTED**, and the claims of Consolidated-Plaintiff Felix Smith-Borges against Liberty Mutual Insurance Company are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 1st day of November, 2022.

_____
Terry A. Doughty
United States District Judge