UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOSE LUIS LOMELI VENEGAS ET AL** | **CASE NO. 3:21-CV-03269 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AMAZON.COM INC ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Order Allowing Exhibits to be Filed Under Seal [Doc. No. 170] filed by Defendants Amazon Logistics, Inc. and Amazon.com, Inc. ("Amazon"). The Motion moves to seal certain exhibits because the information contains "highly confidential and proprietary information" [Id., p. 1]. For the following reasons, the Motion is **DENIED**.

This Court is generally strict on granting motions for leave to file sealed documents into the record. The United States Court of Appeals for the Fifth Circuit detailed in the case of *Binh Hoa Le v. Exeter Finance Corporation*, 990 F.3d 410 (5th Cir., March 5, 2021) some concerns it has over the filing of too many documents under seal in the public record. Specifically,

> True, even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants. But "[m]ost litigants have no incentive to protect the public's right of access." That's why "judges, not litigants" must undertake a case-by-case, "document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure." Sealings must be explained at "a level of detail that will allow for this Court's review." And a court abuses its discretion if it "ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing."

*Id*, at 419. This Court shares those same concerns, and generally allows litigants to seal documents if they supplied the Court with sufficient reasons for sealing said documents.

After reviewing the submitted motion, the Court finds that Amazon has failed to articulate why these documents are entitled to being sealed. The blanket statement that the information is confidential and proprietary is hardly convincing for why the public does not have a right of access to this information. To be frank, there is no indication that there are trade secrets or even personal information within these documents. For those reasons, the Court sees no justification for sealing and **DENIES** the Motion.

Further, in an even more recent ruling from Fifth Circuit in *IFG Port Holdings, LLC v. Lake Charles Harbor & Terminal District*, 22-30398, Sept. 21, 2023, the Fifth Circuit reiterated *Bin Hoe Le*, specifically asserting that:

> When a party seeks to file material under seal, the judge must "undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure'" and explain its sealing decision "at 'a level of detail that will allow for this Court's review.'" *Le*, 990 F.3d at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 393, 397 (5th Cir. 2017)). A court errs "if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'" *Id.* (alteration in original) (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

*IFG Port Holdings*, p. 12. It went on to assert that the Fifth Circuit has instructed the courts to be "ungenerous" in their discretion to seal documents. *Id*. The Fifth Circuit also emphasized that sealings are "often unjustified" and that there is a strong presumption against sealing judicial records because the court should be "urg[ing] litigants and . . . judicial colleagues to zealously guard the public's right of access to judicial records . . . so 'that justice may not be done in a corner'". *Id*. p. 14.

Should these parties move to file more documents under seal, the Court urges them to review these cases and to supply the Court with a detailed memorandum on why the requested

2

documents should be sealed. As the Court has indicated above, the parties in this matter have failed to even remotely articulate a justifiable reason for why this Court should grant the requests.

For these reasons,

**IT IS ORDERED** that the Motion [Doc. No. 170] are **DENIED**.

MONROE, LOUISIANA, this 29th day of April 2024.

                                          Terry A. Doughty
                                        United States District Judge