UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOSE LUIS LOMELI VENEGAS ET AL** | **CASE NO.  3:21-CV-03269 LEAD** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AMAZON.COM INC ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

MEMORANDUM ORDER

Pending before the Court is a Motion in Limine [Doc. No. 338] filed by Defendant, Amazon Logistics, Inc., and Amazon.com, Inc., (collectively, "Amazon"), seeking to apply Article 2315.12 of the Louisiana Civil Code. Plaintiff, Edith Reynoso-Gonzales ("Plaintiff"), opposes the Motion [Doc. No. 363].

For the following reasons, Amazon's Motion is **DENIED**.

I.  Background

This suit stems from a multi-vehicle crash that occurred on October 16, 2020, on Interstate 20 in Madison Parish, Louisiana.[1] Defendant, Dilshod Abdurasulov ("Abdurasulov"), drove a 2019 Volvo Tractor that hauled a 2020 HYTR Trailer, owned by Amazon, (jointly, the "Rig").[2] MJS Enterprise, Inc., and Abdurasulov operated the Rig under contract for Amazon.[3] The Rig collided with the car driven by Plaintiff's husband, Jose Venegas ("Venegas"), thrusting it onto another lane where it struck another eighteen-wheeler, which in-turn killed Venegas.[4]

---

[1] [Doc. No. 94, at ¶ C-1].
[2] [Id. at ¶¶ C-3, F-1].
[3] [Doc. No. 338-1, p. 2].
[4] [Doc. No. 94, at ¶¶ C-8, C-12].

Plaintiff filed this suit in the Sixth Judicial Court in Madison Parish, Louisiana.[5] Amazon removed the suit to this Court, citing diversity jurisdiction.[6] Amazon, in this Motion, argues Article 2315.12 of the Louisiana Civil Code, which "establishes a burden of proof on a plaintiff party and limits an unauthorized alien's ability to receive general damages and past and future wages," applies in this case.[7]

The parties have briefed all relevant issues, and the matter is ripe.

## II. Law and Analysis

### A. Standard of Review

Motions in limine are well-established pre-trial motions that play an important role—prohibiting opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Vaughn v. Hobby Lobby Stores, Inc.*, 539 F. Supp. 3d 577, 582 (W.D. La. 2021).

Motions in limine are, however, frequently made abstractly and in anticipation of a "hypothetical circumstance" that may never develop at trial. *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980). Therefore, they should "rarely" be used to "exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Luv N' Care v. Laurain*, No. 3:16-CV-00777, 2021 WL 3440623, at *6 (W.D. La. Aug. 5, 2021).

---

[5] [Doc. No 1-2].
[6] [Doc. No. 1].
[7] [Doc. No. 338, p. 1].

Instead, courts should only exclude evidence that is "clearly inadmissible on all potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020). Finally, a ruling on a motion in limine is not an ultimate ruling on the admissibility of the evidence, and the Court may alter a prior ruling on admissibility as the case unfolds. *See Luce v. United States*, 469 U.S. 38, 41–42 (1984).

In diversity cases, the forum state's (here, Louisiana) substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### B.    Applicability of Article 2315.12

Louisiana law provides that in the "absence of contrary legislative expression, substantive laws apply prospectively only." LA. CIV. CODE ANN. art. 6 (2025). "Substantive laws either establish new rules, rights, and duties or change existing ones. Whereas interpretive laws, do 'not create new rules, but merely establish the meaning that the interpreted statute had from the time of its enactment. It is the original statute, not the interpretive one, that establishes rights and duties.'" *Pierce v. Hobart Corp.*, 939 F.2d 1305, 1308–09 (5th Cir. 1991) (citation modified) (quoting *Ardoin v. Hartford Accident & Indem. Co.*, 360 So. 2d 1331, 1339 (La. 1978)).

Article 2315.12 is clearly a substantive law under the above definitions. It prohibits "unauthorized alien[s]," as defined by federal law, from receiving general damages and past and future wages in suits, "arising from an automobile accident." LA. CIV. CODE ANN. art. 2315.12 (2025). Thus, Article 2315.12 "change[s] existing [rights]" afforded to unauthorized aliens. *Pierce*, 939 F.2d at 1308. And Article 2315.12 contains no "contrary legislative expression," suggesting the legislature intended that the law apply retroactively. LA. CIV. CODE ANN. art. 6 (2025).

Since the Louisiana legislature enacted Article 2315.12, on May 28, 2025—after (1) the accident giving rise to this suit,[8] (2) Plaintiff filed this suit,[9] and (3) Amazon removed this suit,[10]—it does not apply here. *See* 2025 La. Sess. Law Serv. 17 (West); *see also Simmons v. State Farm Fire & Cas. Co.*, 771 F. Supp. 3d 835, 840 n.27 (M.D. La. 2025) (citation omitted) (finding a new version of a Louisiana law does not apply since the suit was filed and removed before the new law was effective).

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Amazon's Motion in Limine [Doc. No. 338] is **DENIED**.

MONROE, LOUISIANA, this 30th day of December 2025.

>  
> TERRY A. DOUGHTY  
> UNITED STATES DISTRICT JUDGE

---

[8] [Doc. No. 94, at ¶ C-1].
[9] [Doc. No 1-2].
[10] [Doc. No. 1].